## ASAHEL ALDRICH *v.* INHABITANTS OF PELHAM.

On the trial of an action against a town tor an injury occasioned by a defect in a highway when one of the defects relied on by the plaintiff is the insufficient width of the way, evidence that other persons with their vehicles had previously, when the way was in the same condition as at the time of the plaintiff's injury, passed or met other vehicles at the same place, without collision or accident, and had room to spare on each side, is inadmissible to show that the way was not defective in point of width.

ACTION OF TORT for an injury caused to the plaintiff oy want of repair in a highway in the town of Pelham, on which the plaintiff was driving. Trial in the court of common pleas, before *Briggs,* J. who signed the following bill of exceptions :

" The defects relied on by the plaintiff were insufficient width of way, together with an angle in the road or a turn at a bridge crossing a stream, the want of a railing at the end of the bridge on each side of the highway, upon an embankment on the one side of about nine feet, and upon the other side of about four feet, all being at or near the place of injury.

" The defendants, to meet the case of the plaintiff, and to prove that the road was of sufficient width, and how wide it was at the place of injury, offered to prove that between one and two years prior to the injury, and when the road was substantially of the same width and in the same condition as at the time of the injury, different persons passing over this road at this place, in vehicles or with teams, had met or passed other vehicles and teams, without collision and without accident, and had room to spare on each side ; and the vehicles and teams were described.

" The plaintiff objected to this kind of evidence, on the ground that it would raise collateral issues, and that he was not prepared or obliged to meet such evidence, and as incompetent. The court admitted the evidence, and ruled that for the simple purpose of showing how wide the road was at that place, and that it was not defective in respect of width, the evidence was admissible, and that it might be as satisfactory as an actual measurement by any other means or implement. To this ruling the plaintiff excepts."

Aldrich *v.* Inhabitants of Pelham.

*C. P. Huntington & I. F. Conkey*, for the plaintiff, relied on *Collins* v. *Dorchester*, 6 Cush. 396.

*C. Delano*, for the defendants, cited *Salem India Rubber Co* v. *Adams*, 23 Pick. 256 ; *Wyman* v. *Lexington & West Cam bridge Railroad*, 13 Met. 316.

SHAW, C. J. In the recent case of *Collins* v. *Dorchester* 6 Cush. 396, which was an action like the present, it was held, after deliberate consideration, that evidence that another person before the injury complained of by the plaintiff, received a similar injury, at or near the same place, without any negligence on his part, was not competent, for the purpose of proving that the road was defective at the time and place of the plaintiff's injury. And that case cannot be distinguished in principle from this. If it was competent for the defendants to prove, that other persons, with carriages and vehicles of a certain width, had passed there without collision, it would be competent for the plaintiff to rebut it, by proving instances in which other persons, driving with equal care, and with carriages of equal width, had met with accidents by collision. Each of these cases would present a distinct issue, with all its attendant circumstances, and involve the consequences contemplated in *Collins* v. *Dorchester*, and be directly repugnant to the rule adopted and sanctioned in that case. The width of the road is a circumstance which can be ascertained with the greatest ease and certainty, by actual measurement and other direct testimony, even from observations made after the accident. It appears by the bill of exceptions, that the testimony was admitted solely for the purpose of showing the width of the road ; but the width of the road was an important element in determining whether the defendants had been guilty of negligence ; and the incompetent evidence having been admitted to a point material to the issue, the verdict must be set aside. *Exceptions sustained.*